# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NORMAN FRITZ and LISA FRITZ,**

        Debtors-Appellants,

  v.                                                                               Case No. 07-C-1019

**GMAC MORTGAGE CORPORATION,**

        Creditor-Appellee.

## DECISION AND ORDER

This matter comes before the Court on appeal from the Bankruptcy Court. The question presented on appeal is whether the appellants' claims against GMAC Mortgage Corportation ("GMAC") are barred by the *Rooker-Feldman* doctrine and *res judicata*. The Bankruptcy Court found that the claims were barred under both theories. The Court finds that the Bankruptcy Court erred in its application of the *Rooker-Feldman* doctrine, but was correct in barring the claims under *res judicata*. Accordingly, the Bankruptcy Court's determination is affirmed.

### BACKGROUND

On January 31, 2003, the appellants, Norman and Lisa Fritz (the "Fritzes"), purchased property located in Racine, Wisconsin. To purchase the property, the Fritzes took out a mortgage loan in the amount of $170,720.00 from USA Funding Corporation ("USA

Funding"). On March 27, 2003, USA Funding assigned the Fritzes' mortgage to GMAC, who in turn assigned it to Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee of record and nominee of GMAC. GMAC still described itself as the "servicer and holder of the note."

Eventually, the Fritzes defaulted on their mortgage payments. On March 9, 2005, MERS, as the mortgagee of record and as the nominee of GMAC, filed a foreclosure action against the Fritzes in Racine County Circuit Court. The caption of the foreclosure action described the plaintiff as "[MERS], as Mortgagee of Record and as nominee of the servicer, [GMAC] 500 Enterprise Road, Suite 150, Horsham, PA, 19044-0969." The Fritzes did not file an answer to the foreclosure complaint, so the Racine County Circuit Court awarded MERS, as the mortgagee of record and as the nominee of GMAC, a default judgment of foreclosure in the amount of $197,003.40.

On November 14, 2005, one day before a sheriff's sale of the property was to take place, the Fritzes filed a bankruptcy petition. One week later, on November 22, 2005, MERS filed a proof of claim in the total amount of $47,735.10, and it stated that the name of the creditor was MERS "as Mortgagee of Record and as nominee of the servicer, GMAC." The MERS proof of claim provided GMAC's address as the place where notices should be sent – the same address that was included in the caption of the state foreclosure action.

On January 30, 2006, the Fritzes filed an adversary action, in which they sought "to obtain injunctive relief from enforcement of any and all foreclosure related remedies." They

raised four claims in their complaint. Specifically, they alleged that USA Funding and GMAC (1) failed to provide disclosures required by the Truth in Lending Act ("TILA"); (2) committed fraud by concealing and misrepresenting the yield spread premium; (3) fraudulently concealed private mortgage insurance; and (4) violated the Wisconsin Consumer Protection Act due to their concealment and fraud. In addition, the Fritzes asserted the affirmative defense of recoupment.

Both USA Funding and GMAC filed motions to dismiss in the Bankruptcy Court. The Bankruptcy Court granted GMAC's motion to dismiss in its entirety, and granted in part and denied in part USA Funding's motion to dismiss. The Fritzes appealed to this Court. Based upon a stipulation of USA Funding and the Fritzes, the Court dismissed the appeal pertaining to USA Funding. The only remaining issue is whether the Bankruptcy Court erred in granting GMAC's motion to dismiss.

## DISCUSSION

The Court reviews the Bankruptcy Court's findings of fact for clear error and its conclusions of law *de novo*. *In re Midway Airlines, Inc.*, 383 F.3d 663, 668 (7th Cir. 2004). The question presented here is whether the Fritzes' claims against GMAC were barred by the *Rooker-Feldman* doctrine and *res judicata*. The distinction between the *Rooker-Feldman* doctrine and *res judicata* is a fine one. *See Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir. 2005). The *Rooker-Feldman* doctrine prohibits inferior federal courts from exercising appellate review over state court decisions. *See Kamilewicz v. Bank of Boston Corp.*, 92 F.3d

3

506, 509 (7th Cir. 1996). *Res judicata*, on the other hand, constitutes an affirmative defense that requires federal courts to give a state court judgment the same preclusive effect it would have in state court. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 560 (7th Cir. 1999). The distinction between the two concepts is that the *Rooker-Feldman* doctrine addresses whether a federal district court has subject matter jurisdiction over a particular matter, while *res judicata* is an affirmative defense that is dependant upon the Full Faith and Credit Statute. *Id.*; 28 U.S.C. § 1738. Also, when considering whether a claim has preclusive effect, the Court must apply the *res judicata* doctrine of the state from which the decision occurred. *Long*, 182 F.3d at 560.

The Bankruptcy Court erred in finding that the *Rooker-Feldman* doctrine barred the Fritzes' claims against GMAC. *Rooker-Feldman* "is a narrow doctrine, confined to 'cases brought by state-court losers," and does not bar actions by non-parties to the earlier state court judgment. *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Even if the non-party to the earlier state court judgment is in privity with the party to the judgment, the *Rooker-Feldman* doctrine is inapplicable. *Lance*, 546 U.S. at 466. GMAC was not a party of the state court foreclosure judgment. While MERS listed GMAC in the caption as the servicer, and while it appears that MERS was acting on behalf of GMAC as a nominee, MERS initiated the action as the plaintiff, not GMAC. Furthermore, there is no indication that MERS and GMAC are identical entities. Accordingly, the *Rooker-Feldman* doctrine is inapplicable.

4

Nevertheless, the Fritzes' claims are barred because of *res judicata*. In Wisconsin, "[t]he doctrine of claim preclusion provides that a final judgment on the merits bars parties from relitigating any claim that arises out of the same relevant facts, transactions or occurrences." *Sopha v. Owens-Corning Fiberglas Corp*., 230 Wis.2d 212, 233 (1999). For claim preclusion to apply, three factors must be present: (1) an "identity between the parties or their privies in the prior and present suits"; (2) the "prior litigation resulted in a final judgment on the merits by a court with jurisdiction"; and (3) an "identity of the causes of action in the two suits." *Id*. at 233-34.

The first requirement is met because GMAC was in privity with MERS. "Privity exists when a person is so identified in interest with a party to former litigation that he or she represents precisely the same legal right in respect to the subject matter involved." *Pasko v. City of Milwaukee*, 252 Wis.2d 1, 15 (2002). In other words, "privity compares the interests of a party to a first action with a nonparty to determine whether the interests of the nonparty were represented in the first action." *Id*. at 16. In the underlying state court action, MERS was the nominee of GMAC, which is to say, MERS was "designated to act in place of [GMAC.]" *See* BLACK'S LAW DICTIONARY, at 1076 (8th ed. 2004). Indeed, the complaint stated that MERS was "the holder of legal title to a recorded mortgage on real estate located in this county and the loan servicer is the duly authorized agent for the owner and holder of a certain note secured by the mortgage." Because MERS was designated to act on behalf of GMAC as the Fritzes' creditor, then GMAC's interests were represented in the state

5

foreclosure action. As such, GMAC was in privity with MERS, which satisfies the first requirement of claim preclusion.

The second factor is also satisfied. The parties do not dispute that the Racine County Circuit Court had jurisdiction over the foreclosure action and issued a final judgment on the merits.

The final question is whether there is an identity of claims between the state foreclosure action and the case at bar. The parties do not dispute that this requirement is satisfied as well. Wisconsin has adopted the "transactional approach" to determine whether there is an identity of claims. *Kruckenberg v. Harvey*, 279 Wis.2d 520, 532-33 (2005). Under the transactional approach, "the legal theories, remedies sought, and evidence used may be different between the first and second actions. The concept of transaction connotes a common nucleus of operative facts." *Id*. at 534. This approach reflects "the expectation that parties who are given the capacity to present their entire controversies shall in fact do so." *Id*. (internal quotations omitted). All of the Fritzes' claims in the present action arise out of the note and mortgage that MERS executed in the state court action. The Fritzes had the opportunity to raise their claims at that time because their present claims are related to the execution of the note and mortgage. Accordingly, the third factor is present as well, and thus, the Bankruptcy Court was correct to bar the Fritzes' claims on the basis of *res judicata*.

6

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Judgment of the Bankruptcy Court is **AFFIRMED**.

The clerk is directed to enter judgment and close this case accordingly.

Dated at Milwaukee, Wisconsin this 17th day of July, 2008.

                **BY THE COURT**

                *s/ Rudolph T. Randa*
                **Hon. Rudolph T. Randa**
                **Chief Judge**